PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUEL BLANKSON MARFO, | ) | |
| | ) | CASE NO. 3:26-CV-01293 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| | ) | **ORDER** |
| Respondents. | ) | [Resolving ECF No. 2] |

On June 3, 2026, Petitioner Emmanuel Blankson Marfo filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241.  *See* ECF No. 1.  On June 14, 2026, he filed a Notice of Motion and Emergency *Ex Parte* Motion for Temporary Restraining Order to enjoin his imminent removal from the United States.  *See* ECF No. 2.  The Court held a telephonic hearing addressing the Motion on June 17, 2026.  *See* Minutes of Proceedings [non-document] 6/17/2026.

Under Fed. R. Civ. P. 65, the party seeking a restraining order must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Arizona v. Biden*, 40 F.4th 375, 381 (6th Cir. 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The third and fourth factors merge when, as here, the Government is the opposing party.  *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

Guided by these factors, the Court concludes that:

**(1) Likelihood of Success:**

Is in Petitioner's favor. He is not challenging his removal from the United States, but the legality of his detention and Respondents' obligations under statutory, regulatory, and constitutional law, and is likely to succeed on the merits of his claims.

### (2) Irreparable Harm:

Is in Petitioner's favor. Although removal alone does not constitute irreparable harm, deportation to Sierra Leone, a country with which Petitioner has no connection, while his Petition is pending would expose Petitioner to potential persecution based on his sexual orientation. *See Nken*, 556 U.S. at 436.

### (3)–(4) Balance of Equities and Public Interest:

Is in Petitioner's favor. He faces removal to a country with which he has no ties and faces potential persecution. Conversely, Respondents face only a brief delay in executing an order of removal. And while "[t]here is always a public interest in prompt execution of removal orders[,]" there is also "a public interest in preventing aliens from being wrongfully removed[.]" *Nken*, 556 U.S. at 436.

"Given the serious question on the merits, the undisputedly strong showing of irreparable harm, and [Petitioner]'s interest in avoiding wrongful removal, a stay pending a merits decision is necessary to preserve any value in hearing [t]his case[.]" *Antonio v. Garland,* 38 F.4th 524, 527 (6th Cir. 2022). Petitioner's Motion for a Temporary Restraining Order, *see* ECF No. 2, is granted. The Court Orders that:

(1) Respondents are enjoined from removing Petitioner from the United States, including to Sierra Leone.

(2) Respondents shall immediately transfer Petitioner back to the Northern District of Ohio to facilitate his access to legal counsel, family, and the Court.

(3) Once transferred, Respondents are enjoined from removing Petitioner from the Northern District of Ohio pending further Order of the Court.

(4) No later than June 22, 2026, Respondents shall file a brief answering why a preliminary injunction should not issue upon termination of the Temporary Restraining Order. Petitioner shall respond to that filing by June 25, 2026. Respondents shall reply by June 29, 2026 at 12:00 PM. All briefs must adhere to the guidelines outlined in Local Rule 7.1.

2

(5) Counsel shall convene for a hearing on whether a preliminary injunction should issue upon termination of the Temporary Restraining Order on Wednesday, July 1, 2026 at 3:00 PM in Courtroom 351 of the Thomas D. Lambros United States Court House at 125 Market Street in Youngstown, Ohio. The hearing is limited to sixty minutes. The Parties shall prepare to voice their positions in twenty-five-minutes per side, with no promise that additional time will be allotted to respond to the Court's questions.

(6) This Temporary Restraining Order took effect at approximately 12:00 PM on Wednesday, June 17, 2026 and shall expire at 11:59 PM on Wednesday, July 1, 2026 "unless before that time the [C]ourt, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).


IT IS SO ORDERED.


June 17, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge